# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DONTAY JENKINS, )
)
    Petitioner, )
)
vs. ) Case No: 4:13CV1779HEA
)
MICHAEL BOWERSOX, )
)
    Respondent.

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on September 9, 2013. Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 9], on November 14, 2013. Petitioner filed a Reply To Respondent's Motion to Show Cause [Doc.13]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons set forth below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

On January 6, 1999, Petitioner was convicted by jury of one count first-degree robbery in the Circuit Court of Dunklin County. Jenkins was sentenced to fifteen years in the Missouri Department of Corrections. The Missouri Court of Appeals, Southern District of Missouri, affirmed his conviction. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion to appeal as a poor person on September 16, 2008, to the Missouri Court of Appeals, Southern District. On March 1, 2010, the Missouri Court of Appeals issued its opinion affirming the conviction of Petitioner. The only issue raised on appeal was that the Missouri trial court erred in allowing Petitioner to proceed to trial without counsel in violation of his Sixth and Fourteenth Amendment rights under the U. S. Constitution to due process and counsel. The Missouri Court of Appeals concluded Petitioner knowingly and intelligently waived his right to counsel and chose to proceed *pro se* and that no manifest injustice was committed. *Jenkins v. Missouri*, SD31562 (Mo App. 2013)(unpublished opinion)(Respondent's Exhibit H).

On June 7, 2010, Petitioner filed his state Motion for Post-conviction Relief. He received appointed counsel to represent him on the motion. Petitioner alleged he was denied effective assistance of appellate counsel because counsel on appeal failed to properly brief his denial of his right to due process and counsel at trial by

having to try his case *pro se* and involuntarily.  In addition he alleged ineffective assistance of appointed appellate counsel as counsel did not brief on the issue of the denial of his motion to suppress identification by the trial court and allowing the state to introduce evidence of the photo lineup.  Jenkins also alleged that appellate counsel failed to include that the trial court erred in not declaring a mistrial after he was brought in court in handcuffs.  There was also an allegation of denial of effective assistance of counsel in counsel not asserting the failure of the trial court to rule on his *pro se* motions prior to trial.  He asserted appointed appellate counsel was ineffective in failing to pursue a motion for rehearing under Missouri Supreme Court Rule 30.26.  An ineffective assistance of counsel claim was raised against pretrial counsel for failing to fully inform him about the case and for failing to file certain motions.  Post-trial counsel was alleged to be ineffective for failing to refer to the error of the trial court in not submitting a verdict director on the lessor included offense of Second Degree Robbery.  Lastly, Petitioner alleged the trial court was without jurisdiction to proceed to trial on the charge of Robbery in the First Degree.  Subsequent to this filing, Jenkins filed an amended Motion on October 25, 2010, asserting additional grounds for relief in that his Sixth Amendment right to counsel was denied by pretrial counsel's failure to investigate witnesses provided to him, as well as other witnesses including the complaining witness.

The Trial court in Dunklin County, Missouri proceeded with a hearing on the Rule 29.15 motion which took place on June 17, 2011. On July 19, 2011, the Trial court issued its order overruling the Rule 29.15 motion filed by Petitioner. A timely notice of appeal to the Missouri Court of Appeals was filed. The Missouri Court of Appeals affirmed the trial court and issued its mandate on March14, 2014.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on September 9, 2013. Petitioner alleges that the following: 1) The trial court erred in allowing Jenkins to proceed to trial *pro se* because Jenkins did not waive his right to counsel knowingly and voluntarily; 2) Trial counsel was ineffective for refusing Jenkins investigative requests; 3) Trial counsel was ineffective for refusing to investigate Mr. Chism's criminal record; 4) Appellate counsel was ineffective for failing to brief the fact that petitioner was shackled during his trial; 5) Appellate counsel was ineffective for failing to brief that the trial court erred for not conducting a hearing on all of Jenkins's pre-trial motions; 6) Appellate counsel was ineffective for failing to brief that the trial court violated his right to a speedy trial; 7) Appellate counsel was ineffective for failing to brief that the trial court erred in not granting his motion for acquittal at the close of state's evidence.

## Standard of Review

Habeas relief is barred unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). To fulfill this

requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court;" otherwise, they are defaulted. *Winfield v. Roper*, 460 F.3d 1026 (8th Cir. 2006).

The exhaustion requirement "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Thus, "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). "However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has

been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Discussion and Analysis

In Ground 1 of the petition he asserts the trial court erred in allowing him to proceed to trial pro se because he did not waive counsel knowingly and voluntarily. Jenkins raised this claim on direct appeal. There is nothing supportive of his claims in the record. The record plainly refutes his claims.

The Missouri Court of Appeals Southern District considered this claim and issued its ruling as to the merits noting:

> There is no discretion for a trial court to force an attorney upon a competent defendant who makes a timely, unequivocal, voluntary, and informed waiver of the right to counsel. *State v. Hampton*, 959 S.W.2d 444, 447 (Mo. banc 1997). It is well established that a defendant may proceed pro se if the invocation of the right is made unequivocally and in a timely manner, and the corresponding waiver of counsel is knowing and intelligent. *State v. Black, supra*, at 154.

The court reviewed the record and observed Jenkins did in fact make his waiver of counsel knowingly and voluntarily. He was unequivocal in his request to proceed *pro se*. The court noted that Jenkins was questioned "extensively regarding his competency to knowingly and intelligently waive his right to

counsel." The court found that Jenkins had been questioned about the charges, possible sentence, defenses, Jenkins's status as a prior and persistent offender, trial procedure, prior experience with the legal system, education, and history of mental illness and drug treatment. The court ruled that Jenkins had "knowingly and voluntarily waived his right to counsel."

The decision was consistent with a reasonable application of *Faretta v. California*. *Pro se* litigants relinquish the benefits associated with the right to counsel. *Johnson v. Zerbst,* 304 U.S. at 464-465 (1938). Litigants desiring to proceed without counsel should be made aware of the "dangers and disadvantages of self-representation, so that the record will establish that he 'knows what he is doing and his choice is made with eyes wide open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975), *quoting Adams v. United States ex rel. McCann*, 317 U.S. at 279 (1942).

During pretrial hearings Petitioner noted he wanted to recuse his attorney. The next day counsel filed a motion to withdraw from representation of the defendant. On the first day scheduled for trial a new judge considered the motion to withdraw and to allow Petitioner to proceed *pro se.* The record reflects a detailed and pointed inquiry of Petitioner on the issue of representing himself and the litany of inquiry from *Faretta.* Petitioner insisted on representing himself even after the trial court made another attorney available to consult with Jenkins.

Ground One is denied.

In Ground 2 and 3 Petitioner asserts trial counsel was ineffective by refusing to investigate requests and by refusing to investigate Mr. Chism's criminal history. These same allegations were set forth in his Missouri State Court Rule 29.15 motion and were denied by the state trial court. Appeal was taken to the Missouri Court of Appeals and the decision of the trial court was affirmed as the appellate court noted:

> To succeed on a claim of ineffective assistance of counsel, the post-conviction movant must show deficient performance on the part of counsel that prejudiced the defense. *Id*. at 687. However, "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Wilkins v. State*, 308 S.W.3d 778, 783 (Mo. App. 2010)(quoting *Faretta v.California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Thus, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Wilkins*, 308 S.W.3d at 783. This prohibition applies equally to claims alleging errors made by trial counsel before a movant's waiver of counsel and subsequent self representation. *Id*.; *Gaye v. State*, 576

S.W.2d 554, 556 (Mo. App. 1978).

Individuals raising claims of ineffective assistance of counsel must make two showings: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."*Strickland v. Washington*, 466 U.S. 668, 689 (1984). When an accused manages his own defense he relinquishes the benefits that come with representation by counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975).

Petitioner makes no showing on either prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and it would be impossible for him to do so because he knowingly and voluntarily waived his right to effective assistance of trial counsel when he waived counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975).

A review of the record again fails to provide anything of measure in support of these claims. The evidence in the record is contrary to the claims of Petitioner. The complaint that trial counsel was not investigating the things he wanted investigated is rebutted by the evidence in the record that Petitioner would not meet with trial counsel to discuss trial strategy or provide areas to investigate. He testified at the post-conviction evidentiary hearing that he had refused to meet with trial counsel to go over trial preparation. Trial counsel testified that Petitioner

refused to meet with him on three different occasions before trial. Trial counsel also testified that they finally met Petitioner refused to tell him which witnesses he was to investigate and what those witnesses were likely to say.

The Appellate decision is consistent with a reasonable application of *Faretta v. California*. 28 U.S.C. §2254(d). As such Ground 2 and Ground 3 are denied.

The allegation set out in Ground 4 is as problematic for Petitioner as his other grounds for relief in that he has not alleged nor shown how the Court of Appeals decision is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000) .

He asserts appellate counsel was ineffective for failing to brief the fact that Petitioner was shackled during trial. Jenkins raised this claim in his motion for post-conviction relief under Missouri Supreme Court Rule 29.15. The motion court denied this ground for relief and Jenkins appealed.

The appellate court noted the record below was devoid of any affirmative evidence that any juror was aware of him wearing shackles. The Appeals Court stated, in "failing to show that he was in fact observed by the jury in shackles, Movant failed to demonstrate an error that would have required reversal if raised by his appellate counsel. Therefore, Movant failed to show that his appellate

counsel on direct appeal was incompetent. The motion court did not clearly err in so finding." *Jenkins v. Missouri*, SD31562 (Mo App. 2013)(unpublished opinion)(Respondent's Exhibit H)

The Missouri Court of Appeals decision is reasonable in light of the evidence in the record. An appellate counsel need not and should not raise every non-frivolous claim, but rather may strategically select points to appeal that will maximize the likelihood of success. *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983).

Ground 4 is denied.

In Grounds 5, 6, and 7 Petitioner argues that appellate counsel was ineffective for failing to brief that the trial court erred for not conducting a hearing on all of Jenkins's pre-trial motions, for failing to brief that the trial court violated his right to a speedy trial, and for failing to brief that the trial court erred in not granting his motion for acquittal at the close of state's evidence. Jenkins raised these claims in his motion for post-conviction relief under Missouri Supreme Court Rule 29.15. The motion court denied these grounds for relief. Jenkins did not appeal the motion court's ruling on these claims. As such these claims are deemed to have been abandoned.

Failure to appeal from a denial of post-conviction relief constitutes procedural default. *Smith v. Jones*, 923 F.2d 588, 589 (8th Cir. 1991). Default is only excused through a showing of cause and prejudice or miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner requests this Court to review this claim under the *Martinez* exception to procedural bar. *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012).   In order to meet this narrow exception for establishing cause, Petitioner must demonstrate that the post-conviction counsel was also ineffective under the standards of *Strickland*.  Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).  Moreover, errors by post conviction appellate counsel do not constitute cause to redeem a claim from default. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

The motion court had concluded this claim, Ground 5, was frivolous.  In light of that ruling the post-conviction appellate counsel made a strategic choice to discard. *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983).  The claim in Ground 5 is denied.

As to Ground 6, the trial court concluded  Petitioner  was incarcerated on an unrelated sentence, that he went to trial on the one hundred seventy-seventh day after he filed his request for a speedy trial, and that there was no evidence that Jenkins pursued the speedy trial motion after trial counsel persuaded him that it was not sound strategy.   Jenkins has failed to demonstrate how it was

unreasonable for post-conviction appellate counsel to make the strategic choice to discard a claim that the motion court had already identified as frivolous in order to pursue stronger claims. *Jones v. Barnes*, 463 U.S. 745,750-54 (1983). His failure to make this showing establishes that he cannot overcome the presumption that appellate counsel was effective in choosing which claims to raise. *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir.2006).

In Ground 7, it is alleged that appellate counsel was ineffective for failing to brief that the trial court erred in not granting his motion for acquittal at the close of state's evidence. The trial court ruled Petitioner had waived this claim when he presented evidence on his own behalf. The record is clear that this claim was abandoned by Jenkins.

The definition of the elements of an offense is a matter of state law. *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998). The question for this Court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements beyond a reasonable doubt. *Id*. *citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence from trial established force was used by a gun being placed to the victim's head, that the victim's billfold was taken, and that what appeared to be a deadly weapon was displayed while doing it. RSMo (2000), §569.020. Rational triers of fact could have found Petitioner guilty beyond a reasonable doubt and no showing to the

contrary is made. He has failed to overcome the presumption that appellate counsel was effective by raising non frivolous claims. *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir.2006). The ground is denied.

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*,

297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE